# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| KENNETH DALE McCONNELL | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:13CV00048 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **SERVINSKY ENGINEERING, PLLC, ET AL.,** | ) ) | By: James P. Jones<br>United States District Judge |
| | ) | |
| Defendants. | ) | |

*Dan Bieger, Bristol, Tennessee, for Plaintiff; Howard C. McElroy, McElroy, Hodges & Caldwell, Abingdon, Virginia, and Courtney J. Trimacco and Julian T. Emerson, Reminger Co., L.P.A., Cleveland, Ohio, for Defendants.*

In this diversity case claiming damages for failure to properly design a building foundation, the individual defendant, a principal in the defendant engineering firm, has filed a Motion for Judgment on the Pleadings asking that the court dismiss the Complaint against him on the principal grounds that it is barred by Virginia's economic loss rule and lack of privity of contract. The motion has been fully briefed and is ripe for decision.[1] For the reasons that follow, I will grant the motion.

---
[1] After the filing of this case, the defendant Servinsky Engineering, PLLC, filed a petition for Chapter 11 relief in the United States Bankruptcy Court for the Western District of Michigan. The action in this court was stayed as to both defendants pursuant to 11 U.S.C.A. § 362 (West 2004 & Supp. 2014) (Order, Mar. 6, 2014, ECF No. 39). The bankruptcy court subsequently entered an order lifting the automatic stay as to the

I

The following facts are taken from the plaintiff's Amended Complaint and accepted for the purposes of the pending motion.

The plaintiff Kenneth Dale McConnell hired defendant Servinsky Engineering, PLLC ("SE"), a Michigan limited liability company, to design a post foundation for a fabric-roofed building for his farm, located in this judicial district. The defendant Mark S. Servinsky is a professional engineer licensed in Virginia and other states, and a principal of SE. McConnell and SE entered into a written contract in which SE agreed to provide the requested design services. According to the Amended Complaint, Servinsky personally performed these services for SE.

It is alleged that the designed foundation and structural posts were insufficient to handle local topography, wind, and snow loads, despite SE being hired to take area conditions into account. Soon after the building was constructed, the concrete piers surrounding the structural posts began to crack, and the nuts fixing the posts to the concrete loosened. The posts began to split, and two posts broke. The fabric of the roof tore. It is alleged that the building is now too

---

debtor for (1) the entry of any judgment, and (2) the recovery by the creditor/plaintiff of any damages awarded in a judgment solely against applicable insurance of the debtor. *See* Stipulated Order Granting Relief from Stay Regarding Kenneth Dale McConnell, *In re Servinsky Eng'g, PLLC*, No. DG 14-001270 (Bankr. W.D. Mich. Apr. 29, 2014). The plaintiff then filed a Motion to Lift or Dissolve Stay (ECF No. 43) in this civil action, which I granted (Order, Apr. 30, 2014, ECF No. 44).

unstable to be safely used for its intended purpose as a feed barn, and that four contract addendums in which SE designed fixes for the structural deficiencies have been insufficient to bring the building into compliance with the contract and applicable code requirements.

In Count Two of his Amended Complaint, the plaintiff asserts claims against Servinsky individually for (1) breach of professional standard of care, (2) breach of implied warranty, and (3) breach of implied contract. The plaintiff contends that Servinsky is personally liable for the damages alleged because he attached his Virginia engineer's seal to the design plans and failed to comply with the standard of care for licensed engineering professionals. The plaintiff also asserts that because Servinsky practices engineering as a member of a professional limited liability company registered in Michigan, he is personally liable under a Michigan statute for his breaches of the professional standard of care.

Servinsky has filed a Motion for Judgment on the Pleadings. He asserts that (1) the plaintiff's tort claim fails as a matter of law based upon the economic loss rule, (2) the plaintiff's claim for breach of implied warranty fails because there is no privity of contract, and (3) the plaintiff's claim for breach of implied contract fails to plead the necessary elements.

II

A Rule 12(c) motion for judgment on the pleadings is considered under the same standard as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Burbach Broad. Co. of Del. v. Elkins Radio Corp.*, 278 F.3d 401, 405-06 (4th Cir. 2002). The court accepts as true all well-pled facts in the complaint, and construes those facts in the light most favorable to the pleader. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In order to survive a motion for judgment on the pleadings, the plaintiff must "state[ ] a plausible claim for relief" that "permit[s] the court to infer more than the mere possibility of misconduct" based upon its "judicial experience and common sense." *Id.* at 679.

In a diversity case, I must apply the conflict of law rules of the forum state. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Virginia choice-of-law rules, the substantive rights of the parties in a tort case are governed by the law of the place of the wrong. *Dreher v. Budget Rent-A-Car Sys., Inc.*, 634 S.E.2d 324, 327 (Va. 2006). The place of the wrong is defined as the place where "'the last event necessary to make an act liable for an alleged tort takes place.'" *Quillen v. Int'l Playtex, Inc.,* 789 F.2d 1041, 1044 (4th Cir. 1986) (quoting *Miller v. Holiday Inns, Inc.*, 436 F. Supp. 460, 462 (E.D. Va. 1977)). Similarly, in contract actions, matters relating to the performance of the agreement are construed under the law of the place of performance. *Black v. Powers*, 628 S.E.2d

546, 554 n.8 (Va. Ct. App. 2006). Accordingly, since the allegedly deficient design defects occurred in Virginia where the structure was built, I will apply Virginia law to the plaintiff's claims.

### A. CLAIM FOR BREACH OF PROFESSIONAL STANDARD OF CARE.

The plaintiff seeks money damages in order to remove the existing building and erect a new building sufficient to withstand local conditions, as originally bargained for in the contract. This is an economic loss, which occurs "when a product 'injures itself' because one of its component parts is defective," and is a loss "for which no action in tort will lie." *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 374 S.E.2d 55, 57 (Va. 1988) (quoting *E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 869 (1986)). The economic loss rule holds that when the "bargained-for level of quality" in a contract is not met, "the law of contracts provides the sole remedy." *Id.* at 58. Tort recovery is not available because the contract defines the breach and the damages. Additionally, the harm causing economic loss is not one that traditionally sounds in tort:

> "[I]nterests which have been deemed entitled to protection in negligence have been related to *safety* or freedom from physical harm . . . . However, where mere deterioration or loss of bargain is claimed, the concern is with a failure to meet some standard of *quality*. This standard of quality must be defined by reference to that which the parties have agreed upon."

*Blake Constr. Co., Inc. v. Alley*, 353 S.E.2d 724, 726 (Va. 1987) (quoting *Crowder v. Vandendeale*, 564 S.W.2d 879, 882 (Mo. 1978) (emphasis in original)). Since the plaintiff only alleges economic loss, he is limited to a contract claim.

A negligence claim may survive the economic loss rule where there is injury to person or property. *See Rogers v. Dow Agrosciences, LLC*, No. 4:06CV00015, 2006 WL 3147393, at *3 (W.D. Va. Oct. 31, 2006) (declining to dismiss negligence claim based on economic loss rule where defendants may have breached independent duty of care to prevent injury to property by spraying chemicals that killed pine tree crop); *Gonella v. Lumbermens Mut. Cas. Co.*, No. 216138, 2004 WL 836031, at *3 (Va. Cir. Ct. Mar. 15, 2004) (declining to dismiss negligence claims based on economic loss rule where plaintiffs alleged personal injury from contractor's negligent repair of a leak that caused mold infestation). However, a structurally deficient building is an economic loss rather than injury to property. In *Pender Veterinary Clinic v. Patton, Harris, Rust & Associates*, No. 99106, 1990 WL 10039283 (Va. Cir. Ct. Nov. 27, 1990), the court explained this distinction:

> In effect, [the plaintiffs] claim that the building does not meet the standard of quality they contracted for, that the building injures itself because one of the component parts, the design, was defective. The damages claimed are not injury to property, but instead are complaints as to the quality. According to *Sensenbrenner*, they are economic damages for which the law of contracts provides the sole redress.

*Id.* at *1.  *See also Sensenbrenner*, 374 S.E.2d at 56-58 (holding that a structurally unsound pool that caused water pipes to break and the foundation of a house to crack only supported a contract claim).  The plaintiff has not alleged any damages beyond economic loss.

Because the law of contracts provides the sole remedy for economic loss under Virginia law, privity is an indispensable requirement for a viable claim.  *See Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc.*, 152 F.3d 313, 316 (4th Cir. 1998) ("Virginia law is clear that, absent privity of contract, economic losses cannot be recovered in a negligence action."). The Supreme Court of Virginia affirmed privity as a requirement in economic loss actions in *Blake Construction Co., Inc. v. Alley*.  There, a contractor claiming that an architectural firm provided him with negligent design services argued that privity was not a requirement in economic loss actions because a Virginia statute provided that lack of privity was not a defense in actions for injury to person or property.  353 S.E.2d at 725-26.  The court disagreed, reasoning,

> The statute expressly limits its application to cases involving injuries to person or property.  We cannot impute to the General Assembly an intent to abrogate by implication the privity requirement in cases where no such injury is alleged, thereby allowing negligence actions for solely economic loss.

*Id.* at 726.   Because there is no privity of contract between the plaintiff and Servinsky, the plaintiff cannot recover economic loss from Servinsky.

The outcome does not change because Servinsky actually performed the design work. That issue was authoritatively decided in Virginia in *Gerald M. Moore & Son, Inc. v. Drewry*, 467 S.E.2d 811 (Va. 1996), where the Supreme Court of Virginia was faced with a similar set of facts as here. There, Mr. Drewry was president of the engineering firm of Drewry and Associates, Inc., which entered into a contract with the plaintiff. The issue was whether Drewry, as the engineer who performed all of the engineering work for the contract, was individually liable for economic loss resulting from negligent performance of the contract. Upon certification of the issue by the Fourth Circuit, the Supreme Court of Virginia held that "in the absence of privity, a person cannot be held liable for economic loss damages caused by his negligent performance of a contract." *Id.* at 813. The plaintiff here has alleged no contract with Servinsky, and Servinsky's role in the actual performance of the design contract does nothing to alter the analysis under Virginia law.[2]

The plaintiff argues that Servinsky assumed legal duties beyond the contract by affixing his professional engineering seal to the foundation plans. However, there is no support under Virginia law for the argument that an engineering seal

---

[2] A different rule may apply to impose personal liability for attorneys-at-law who practice in a professional corporation. *See* Va. Code Ann. § 54.1-3906 (2013) ("Every attorney shall be liable to his client for any damage sustained by the client through the neglect of his duty as such attorney.").

creates an independent tort duty, or that providing a professional service creates an independent tort duty.

An engineer performing a professional service pursuant to a contract does not also assume an independent tort duty. Adherence to professional standards is an implicit term of any contract for services from a professional engineer. *See Nelson v. Commonwealth*, 368 S.E.2d 239, 243 (Va. 1988) ("Absent a provision to the contrary, implicit in every contract of employment between an owner and an architect is the duty of the architect to 'exercise the care of those ordinarily skilled in the business.'" (quoting *Surf Realty Corp. v. Standing*, 78 S.E.2d 901, 907 (Va. 1953))). However, this does not create an independent tort duty. *See Blake Construction Co.*, 353 S.E.2d at 726 ("While such a duty may be imposed by contract, no common-law duty requires an architect to protect the contractor from purely economic loss."); *Sensenbrenner*, 374 S.E.2d at 58 (holding that no independent tort duty attached to an architect and a pool contractor providing contractual services). Though Servinsky's seal was placed as a stamp of approval on plans made pursuant to a contract, there is no support for the argument that the seal or Servinsky's status as a professional created an independent duty.

Additionally, the Supreme Court of Virginia has repeatedly held that a claim for breach of professional duties is properly brought as a breach of contract claim. *Comptroller of Va. ex rel. Va. Military Inst. v. King*, 232 S.E.2d 895, 899-900 (Va.

1977) (holding that an action for the negligence of an architect in the performance of professional services is an action for breach of contract); *Oleyar v. Kerr*, 225 S.E.2d 398, 400 (Va. 1976) ("[A]n action for the negligence of an attorney in the performance of professional services, while sounding in tort, is an action for breach of contract . . . ."). This is because in most professions, no professional duty is owed to a client absent a contract. In *Oleyar v. Kerr*, an attorney malpractice action, the Supreme Court of Virginia observed that "[b]ut for the contract, no duty by Oleyar to Kerr would have existed." 225 S.E.2d at 399. In distinguishing professional duties from independent tort duties, the court noted as follows:

> "If the cause of complaint be for an act of omission or non-feasance which, without proof of a contract to do what was left undone, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort. If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, irrespective of contract, to take due care, and the defendants are negligent, then the action is one of tort."

*Id.* at 399-400 (quoting Burks Pleading and Practice § 234 (4th ed. 1952)); *see also O'Connell v. Bean*, 556 S.E.2d 741, 743 (Va. 2002) ("Whatever duties O'Connell owed Bean arose from their attorney-client relationship, which was created by their contract.). Here, the plaintiff would have no relationship with either defendant but for the contract for design services with SE. Since all duties owed to the plaintiff arise from the contract with SE, and since Servinsky is not party to this contract,

the plaintiff cannot recover economic loss from Servinsky by asserting a professional negligence claim against him.

Finally, the plaintiff contends that Servinsky remains individually liable for his breaches of the professional standard of care because he provides services through a Michigan professional limited liability company. The plaintiff points to a Michigan statute which states:

> A member, manager, employee, or agent of a professional limited liability company shall remain personally and fully liable and accountable for any negligent or wrongful acts or misconduct committed by him or her, or by any person under his or her direct supervision and control, while rendering professional services on behalf of the company to the person for whom the professional services were being rendered.

Mich. Comp. Laws Ann. § 450.4905(2). This argument is without merit. The plaintiff must assert a viable claim against Servinsky under Virginia law. That law does not support the argument that statutes providing for professional standards of care give rise to an independent tort duty creating a cause of action for economic loss. In *Provident Bank v. O'Brien*, No. 181360, 2000 WL 1210873 (Va. Cir. Ct. June 23, 2000), the plaintiff contended that the Virginia statutes governing real estate appraisers and the regulations of the Real Estate Appraiser Board created a duty of care independent from the defendants' contractual obligations to the plaintiff. The court rejected this theory:

> [I]n the absence of an independent common law duty arising between the parties that supports any economic loss claims based on a tort

theory, such regulations do not create legal duties that, if breached, are actionable at common law or under any Virginia statute. Rather, they provide a guideline for regulating the profession.

*Id.* at *3. Such statutes and regulations "do not apply in the absence of a contract and thus are not analogous to independent common law duties that may form the basis for tort recovery between contracting parties." *Id.* The Michigan statute does not create a common law cause of action for the plaintiff.

Virginia itself has two statutes similar to the Michigan statute. One concerns the liability of professional corporation members[3] and the other concerns the liability of engineers and other design professionals.[4] However, under Virginia law, statutes are not intended to abrogate the common law and give rise to new causes of action absent clear legislative intent. *See, e.g.*, *Boyd v. Commonwealth*, 374 S.E.2d 301, 302 (Va. 1988) ("The common law will not be considered as

---

[3] The provisions of this chapter shall not be construed to alter or affect the professional relationship between a person furnishing professional services and a person receiving that service either with respect to liability arising out of that professional service or the confidential relationship between the person rendering the professional service and the person receiving that professional service . . . .

Va. Code Ann. § 13.1-1109 (2011).

[4] No individual practicing architecture, engineering, land surveying, landscape architecture, or offering the title of certified interior designer under the provisions of this section shall be relieved of responsibility that may exist for services performed by reason of his employment or other relationship with such entity. . . .

Va. Code Ann. § 54.1-411(A) (2013).

altered or changed by statute unless the legislative intent is plainly manifested."); *Blake Constr. Co.*, 353 S.E.2d at 726 (declining to impute to the legislature an intent to abrogate the privity requirement by implication and thus allow negligence actions for economic loss). Some states may recognize an independent common law cause of action for professional negligence,[5] decline to apply the economic loss rule to cases of professional negligence,[6] or hold that a statute governing professional liability gives rise to an independent cause of action,[7] but I find that Virginia law does not support these theories of recovery. Virginia law is clear that contracts give rise to professional duties, and privity of contract is a prerequisite to claiming professional negligence.

---

[5] *See, e.g.*, *Moransais v. Heathman*, 744 So. 2d 973, 984 (Fla. 1999) ("We also hold that Florida recognizes a common law cause of action against professionals based on their acts of negligence despite the lack of a direct contract between the professional and the aggrieved party."); *Tommy L. Griffin Plumbing & Heating Co. v. Jordan, Jones & Goulding, Inc.*, 463 S.E.2d 85, 88–89 (S.C. 1995) (declining to apply the economic loss rule to action against an engineer on the ground that "the design professional owes a professional duty to the plaintiff arising separate and distinct from any contractual duties between the parties or with third parties.").

[6] *See, e.g.*, *Me. Rubber Int'l v. Envtl. Mgmt. Grp., Inc.*, 216 F.R.D. 222, 225 (D. Me. 2003) (allowing a negligence claim against a professional to proceed despite the economic loss rule, reasoning that "it is likely that the Maine Law Court would find that a claim for professional malpractice may exist independent of a contract under certain circumstances").

[7] *See, e.g.*, *Regions Bank v. Ark-La-Tex Water Gardens, L.L.C.*, 997 So.2d 734, 740 (La. Ct. App. 2008) ("[T]he record demonstrates that [the defendant] was engaged in his profession while building the water feature and was not acting solely in his capacity as a member of the limited liability company. Thus, pursuant to Section 1320(D), [the defendant] was subject to personal liability arising from his own negligence in performing the construction." (citing La. Rev. Stat. Ann. § 12:1320(D) (2013))).

B. CLAIM FOR BREACH OF IMPLIED WARRANTY.

The plaintiff's claim against Servinsky for breach of implied warranty does not survive the Motion for Judgment on the Pleadings. A claim for breach of implied warranty is not distinct from a claim for breach of contract, because any implied warranties arise out of the contract. *See, e.g.*, *Cent. Park Drive, LLC v. Rinker Design Assocs.*, No. CL-2008-4207, 2008 WL 4376203 (Va. Cir. Ct. Aug. 19, 2008) ("Because RDA's implied warranty of care arises out of its contract with the Plaintiff, any breach of the implied warranty would also constitute a breach of the contract itself."). The impediment to the plaintiff's claim for breach of implied warranty is that he cannot establish privity of contract with Servinsky. *See Gravely v. Providence P'ship*, 549 F.2d 958, 960 (4th Cir. 1977) (holding that under Virginia law an implied warranty claim was not actionable against the plaintiff because there was no privity).

C. CLAIM FOR BREACH OF IMPLIED CONTRACT.

The plaintiff has not stated a plausible claim for breach of implied contract. Under Virginia law, an implied-in-fact contract is a true contract, containing all elements of an enforceable agreement. "It differs from an actual contract in that the parties have not reduced it to a writing or to an oral agreement; rather, the court infers the implied-in-fact agreement from the course of conduct of the parties." *Nossen v. Hoy*, 750 F. Supp. 740, 744 (E.D. Va. 1990.) Here, the agreement

between the plaintiff and SE was reduced to writing, and the plaintiff has not alleged that he made a separate agreement with Servinsky that contained all the elements of an enforceable agreement. An implied contract must be adequately alleged; it will not be assumed. *See, e.g.*, *DiMarco Constructors, LLC v. Staunton Plaza, LLC*, No. 5:09cv00001, 2009 WL 2058686, at *3 (W.D. Va. July 14, 2006) (holding that a company that constructed a building pad was not entitled to seek implied contractual indemnification from the professional engineering firm whose job it was to certify the building pad in the absence of unique factors or special relationships); *TransDulles Ctr. Inc. v. USX Corp.*, 976 F.2d 219, 228 (4th Cir. 1992) (holding that an architect's responsibility to adhere to county regulations when designing a building does not give rise to a right to implied contractual indemnification when the builder must later pay the building owner for the cost of bringing the building into regulatory compliance). In the absence of adequate allegations that an implied contract existed, the defendant's Motion for Judgment on the Pleadings must be granted as to this claim.

III

For the foregoing reasons, it is **ORDERED** that the Motion for Judgment on the Pleadings (ECF No. 28) is GRANTED, judgment is entered in favor of

defendant Mark S. Servinsky, P.E., and said defendant is terminated as a defendant herein.

ENTER: May 20, 2014

/s/  James P. Jones
United States District Judge